UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEAN SHORES,

    Petitioner,

  v.

R. THOMPSON,

    Respondent.

Case No. 24–cv–04582–ESK

OPINION

**KIEL, U.S.D.J.**

Petitioner Dean Shores filed this petition for writ of habeas corpus under 28 U.S.C. §2241 (Petition) (ECF No. 1) challenging the disciplinary sanctions against him for possession of a hazardous tool. Respondent Warden Thompson opposes the Petition. (ECF No. 7.) For the following reasons, the Court will deny the Petition.

**I.    FACTS AND PROCEDURAL HISTORY**

Petitioner challenges a disciplinary hearing that found him guilty of possessing a hazardous tool, specifically a SDS memory card, at FCI Fort Dix, New Jersey (Fort Dix). (ECF No. 1.) According to petitioner, he purchased a MP3 player from the commissary at FCI Berlin, New Hampshire. (*Id.* p. 2.) The MP3 player broke, and petitioner opened the player and removed the memory card in order to save the music. (ECF No. 1–1 p. 12.) He was subsequently transferred to Fort Dix. (ECF No. 1 p. 2.)

A Fort Dix officer conducted a random search of petitioner's cell on February 23, 2023. (ECF No. 8 p. 18.) According to the incident report, he found the card "hanging on the door, in a homemade hanging pouch, a hard black case with [petitioner's] register number on it." (*Id.*) The officer confirmed that petitioner's register number matched the number on the case

and requested investigatory photos. (*Id.*) Petitioner was charged with possessing a hazardous tool, which is a Greatest Severity Level Prohibited Act. *See* 28 C.F.R. § 541.3 (Table 1) (prohibiting possession of a hazardous tool, which includes "a portable telephone, pager, or other electronic device.") (ECF No. 8 p. 18.) The incident was referred to the FBI, but the FBI declined to investigate. (*Id.* p. 19.)

Fort Dix Lieutenant DeJesus delivered the incident report to petitioner on March 9, 2023. (*Id.* p. 20.) Petitioner declined to comment at that time and did not request witnesses. (*Id.*) DeJesus recommended that the incident be referred to the unit discipline committee for further review. (*Id.*) The committee concluded the charge should be referred to a disciplinary hearing officer for a hearing. (*Id.* p. 24); *see also* 28 C.F.R. § 541.7(a)(4) (stating charges for Greatest or High severity prohibited acts will be automatically referred to a disciplinary hearing officer). Petitioner received his notice of rights that same day and requested a staff member representative. (*Id.* pp. 22, 24.) He did not request any witnesses. (*Id.* p. 24.)

Disciplinary hearing officer J. Darden conducted a hearing on April 13, 2023. (*Id.* p. 29.) The report quotes petitioner as saying, "I am guilty," (*id.* p. 28), but petitioner denies saying this. (ECF No. 14 p. 5.) Darden relied on the incident report and petitioner's alleged admission to conclude the greater weight of the evidence supported a finding that petitioner committed the prohibited act. (ECF No. 8 p. 28.) He sanctioned petitioner with the loss of 41 days of good conduct time, a one-year loss of phone privileges, and a $250 fine. (*Id.*)

Petitioner appealed Darden's decision, arguing that the memory card should not be considered contraband because it came from the MP3 player that he purchased in the FCI Berlin commissary. (ECF No. 1–1 p.14.) "[I]t is clear that card had never been used with anything other than my MP3 player. …

2

It is difficult to understand how I can be punished for possessing something that the [Bureau of Prisons] sold me." (*Id.*) He also denied admitting his guilt to Dardan and stated that he was denied his right to a staff representative. (*Id.* p. 15) He further argued that $400 had been taken out of his account instead of $250. (*Id.*) The Bureau of Prisons' (Bureau) northeast regional director denied the appeal on July 3, 2023. (*Id.* p. 17.) The Bureau general counsel denied petitioner's final appeal on October 5, 2023. (*Id.* p. 21.)

## II.  LEGAL STANDARD

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004). A prisoner challenging a disciplinary action resulting in the loss of good time credits may bring such claims under 28 U.S.C. §2241, "as the action could affect the duration of the petitioner's sentence." *Queen v. Miner*, 530 F.3d 253, 254 n. 2 (3d Cir. 2008) (per curiam).

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. §2243. A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002)).

### III.  DISCUSSION

Petitioner argues that there was not enough evidence to justify the sanctions because the memory card came from a MP3 player that he purchased from the Bureau.  (ECF No. 1 p. 5.)  He also argues that he was not provided a staff representative during his hearing and that the Bureau removed $ 400 from his prison account instead of the $ 250 fine.  (*Id.* pp. 7, 8.)

"Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct.  When such a statutorily created right exists, a prisoner has a constitutionally protected liberty interest in good time credit."  *Denny v. Schultz*, 708 F.3d 140, 143–44 (3d Cir. 2013) (internal citations and quotation marks omitted).  In assessing whether disciplinary proceedings complied with the Due Process Clause, the Court considers the factors enumerated by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  In addition to a hearing before an unbiased factfinder, inmates must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).  "[A] prison disciplinary decision need only be supported by 'some evidence' in order to satisfy due process."  *Denny*, 708 F.3d at 145 (citing *Hill*, 472 U.S. at 454).

### A.    Some Evidence

My function in reviewing a disciplinary proceeding is not to decide whether I would have reached the same decision, but to consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Hill*, 472 U.S. at 455–56.  This review is minimal, and

"[a] challenge to the weight accorded evidence is not relevant to the question of whether the decision was supported by 'some evidence' because the standard does not require 'weighing of the evidence.'" *McCarthy v. Warden Lewisburg USP*, 631 F. App'x 84, 86–87 (3d Cir. 2015) (quoting *Hill*, 472 U.S. at 455). "Once the reviewing court determines that there is some evidence in the record to support the finding of the hearing officer, an inmate's challenge to the weighing of the evidence must be rejected." *Cardona v. Lewisburg*, 551 F. App'x 633, 637 (3d Cir. 2014).

There is no dispute that petitioner possessed a memory card. The question is whether that card became contraband once petitioner removed it from his Bureau-issued MP3 player. I conclude that it did. The MP3 players sold in Bureau commissaries "have many of the normal features deactivated (Micro SDHC slot, microphone, etc.) for security purposes." Bureau Program Statement P4500.12 at 31 (Mar. 6, 2025). After petitioner "took the MP3 player apart and discovered its flash memory card, it became 'altered personal property,' which is considered contraband ... ." *Richmond v. Coibert*, No. 3:23–cv–00206, 2025 WL 1427737, at *3 (S.D. Miss. Apr. 22, 2025), *report and recommendation adopted*, No. 3:23–cv–00206, 2025 WL 1427052 (S.D. Miss. May 16, 2025); *see also Faison v. Williamsburg*, No. 4:23–cv–04623, 2024 WL 2805383, at *2 (D.S.C. Apr. 10, 2024) (finding there was some evidence to support Code 108 infraction where inmate possessed "a previously purchased but broken MP-3 player and the SD memory card from that player …"), *report and recommendation adopted sub nom. Faison v. Warden of Williamsburg FCI*, No. 4:23–cv–04623, 2024 WL 2803324 (D.S.C. May 31, 2024).

Petitioner acquired the MP3 player through the Bureau, but the security features were nullified once petitioner removed the memory card. Therefore, I conclude that there was some evidence supporting the disciplinary hearing officer's decision.

### B. Staff Representative

Petitioner also argues that his due process rights were violated when the Bureau did not provide him with a staff representative during his hearing. (ECF 1 pp. 7, 8.) "Inmates do not have a constitutional right to appointed counsel in prison disciplinary hearings." *Macia v. Williamson*, 219 F. App'x 229, 233 (3d Cir. 2007) (citing *Wolff*, 418 U.S. at 570). "Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Bermudez v. Holt*, No. 1:09–cv–00741, 2010 WL 55713, at *5 (M.D. Pa. Jan. 4, 2010) (quoting *Wolff*, 418 U.S. at 570).

Petitioner is not illiterate, and the issue was not so complex such that a staff representative was required. Petitioner did not dispute the possession of the memory card, only its significance. Therefore, petitioner was not denied his due process rights even if he was denied a staff representative.

### C. Fine

Petitioner's final argument is that the Bureau deducted $ 400 from his account instead of the $ 250 fine. (ECF No. 1 pp. 6, 7.)

"While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline." *Reynolds v. Williamson*, 197 F. App'x 196, 198 (3d Cir. 2006) (per curiam). I lack jurisdiction pursuant to § 2241 to review petitioner's challenge to the monetary sanction. *See McCarthy v. Warden Lewisburg USP*, 631 F. App'x 84, 85 n. 1 (3d Cir. 2015) ("To the extent McCarthy

challenges punishment that did not result in the loss of prison credit, those claims do not sound in habeas.")[1]

## IV. CONCLUSION

For the reasons stated above, the Court will deny the Petition. An appropriate Order accompanies this Opinion.

                      */s/ Edward S. Kiel*
                      **EDWARD S. KIEL**
                      **UNITED STATES DISTRICT JUDGE**

Dated:  September 15, 2025

---

[1] I note for the record that respondent submitted evidence that the Bureau refunded petitioner's account $400 and then deducted the $250 fine. (ECF No. 8 p. 31.)